**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**RENITA GRAY** **PLAINTIFF**

**VERSUS** **CAUSE NO.** 3:25-cv-134-MPM-RP

**BOARD OF TRUSTEES OF THE**
**STATE INSTITUTIONS OF HIGHER**
**LEARNING FOR THE STATE OF MISSISSIPPI D/B/A**
**THE UNIVERSITY OF MISSISSIPPI** **DEFENDANTS**

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

This is an action to recover actual and punitive damages for race discrimination. The following facts support this action:

1.

Plaintiff RENITA GRAY is an adult resident citizen of 6707 Southwest Drive, Jonesboro, Arkansas 72404. Plaintiff is a white person.

2.

Defendant BOARD OF TRUSTEES OF THE STATE INSTITUTIONS FOR HIGHER LEARNING FOR THE STATE OF MISSISSIPPI (hereinafter "IHL") D/B/A THE UNIVERSITY OF MISSISSIPPI, a political division of the State of Mississippi. This Defendant may be served with process by service upon the Attorney General of the State of Mississippi, Lynn Fitch, 550 High Street, Jackson, Mississippi 39201.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343, to address a cause of action for race discrimination, as outlawed by Title VII of the Civil Rights Act of 1964, and under 42 U.S.C. § 2000e (et. seq.).

4.

Plaintiff is a white female. At all relevant times, Plaintiff served as interim director of a program at the University of Mississippi, which is responsible for obtaining grants. Plaintiff had no issues with her job performance, and supervised approximately twenty (20) persons as interim director of the program.

5.

One of the persons Plaintiff supervised was a black employee who performed poorly and who had no intention of performing his job properly. The employee was on a performance improvement plan, when Plaintiff assumed her position as interim director. He was insubordinate, argumentative, and refused to complete assigned tasks, all while demanding a pay raise. In November 2023, he claimed he was having car trouble and demanded to work remotely. Plaintiff permitted him to work remotely, but he failed to return to work after several weeks. He promised to return to work in January, but failed to return. He finally returned to work on approximately March 19, 2024. As Plaintiff was in the process of starting a new performance improvement plan for him, he filed a complaint with the University of Mississippi's Office of Equal Opportunity and Regulatory Compliance ("EORC"), making an utterly baseless claim that Plaintiff was racist against him.

6.

The Office of Equal Opportunity and Regulatory Compliance claimed to investigate Plaintiff's behavior, and made a baseless finding that when Plaintiff was being interviewed she had stated that she was not "comfortable" with black persons. This claim was either fabricated or grossly misinterpreted. What Plaintiff actually said was the fact that she was being investigated made her feel very uncomfortable.

Nevertheless, the committee falsely found that Plaintiff had said that she was not comfortable around black persons.

7.

Because the EORC compliance committee found that Plaintiff made a racist statement, the position of Director of the Program where Plaintiff worked was advertised. Although she was interim director, Plaintiff was not able to apply for the position because the committee instructed that Plaintiff could not supervise the employee who initiated the baseless claim. The false allegation caused Plaintiff extreme stress. Furthermore, the Interim Vice Chancellor, Easson, instructed Plaintiff to retire, and stated that Plaintiff would be allowed to do so effective January 2025. At his instruction, Plaintiff tendered her resignation. This resignation was not voluntary, but was a forced discharge.

8.

The actions taken against Plaintiff in forcing Plaintiff to leave her position as interim director, and to resign her employment, were based upon Plaintiff's race, white, in violation of the Civil Rights Act of 1964.

9.

Plaintiff filed an EEOC charge attached as Exhibit "1" and received the Right to Sue Letter, attached as Exhibit "2." Plaintiff incorporates the allegations made in the EEOC charge into this complaint.

10.

Plaintiff has suffered lost income, mental anxiety and stress, and a reduction in her retirement benefits as the result of her early involuntary resignation.

**REQUEST FOR RELIEF**

Plaintiff, therefore, requests actual damages for lost income, mental anxiety, stress, and reduced retirement benefits, and punitive damages because of the discrimination in the terms of her employment based upon her race (white). These damages are due under the Civil Rights Act of 1964. Plaintiff requests actual and punitive damages in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 28th day of April, 2025.

RENITA GRAY, Plaintiff

By: */s/ Jim Waide*

Jim Waide, MS Bar No. 6857
waide@waidelaw.com
Rachel Waide Pierce, MS Bar No. 100420
rpierce@waidelaw.com
Yance Falkner, MS Bar No. 106107
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEYS FOR PLAINTIFF

**AFFIDAVIT**

I, Renita Gray, declare under the penalty of perjury that the above and foregoing facts are true and correct as therein stated.

EXECUTED on this the 25 day of April, 2025.

Renita Gray